UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| YAHAYA IBRAHIM, ) | Case No. 4:18CV122 |
| ) | |
| Petitioner, ) | |
| vs. ) | JUDGE JOHN R. ADAMS |
| ) | |
| JEFF SESSIONS, et al., ) | |
| ) | **ORDER AND DECISION** |
| ) | |
| Respondents. ) | |

This matter is before the Court upon Respondents' Motion to Dismiss (Doc 10) with prejudice Petitioner Yahaya Ibrahim's petition for writ of habeas corpus (Doc. 1). For the reasons stated below, Respondents' motion is GRANTED. The petition is dismissed with prejudice.

I.   **FACTUAL BACKGROUND**

Petitioner, a citizen of Ghana, filed a petition for writ of habeas corpus in January 2018. Petitioner's sole request for relief was for this Court to order ICE to release him on supervision. Petitioner was removed from the United States in March 2018 pursuant to the June 2017 order of an immigration judge.

II.   **LAW AND ARGUMENT**

A district court may lack jurisdiction over a petitioner's habeas claim brought pursuant to 28 U.S.C. § 2241 if the petitioner is not in government custody. *See Prieto v. Gluch*, 913 F.2d 1159, 1162 (6th Cir. 1990). A petition for writ of habeas corpus challenges a government custodian's authority to keep an individual detained. Therefore, that individual's release from custody generally moots a habeas petition. *Lane v. Williams*, 455 U.S. 624, 632 (1982).

1

Narrow exceptions to this general rule exist when the released prisoner can establish that he or she will suffer a future collateral consequence as a result of the detention or that the case is "capable of repetition, yet evading review." *Lane*, 455 U.S. at 632-33. To establish a collateral consequence sufficient to avoid mootness, a petitioner must show "some concrete and continuing injury other than the now-ended incarceration" that can be remedied by granting the habeas petition. *Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998). To establish that a case is capable of repetition yet evading review, the petitioner must show that (1) the challenged action is too short in duration to be fully litigated prior to its cessation or expiration and (2) there is a reasonable expectation or a demonstrated probability that the controversy will recur. *Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579, 584 (6th Cir. 2006).

When a prisoner is released from custody, a habeas petition related solely to the length of the custody becomes moot. *Leitao v. Reno*, 311 F.3d 453, 455-56 (1st Cir. 2002) (habeas petition moot upon prisoner's release absent showing of collateral consequences). In addition, the Sixth Circuit has held that a petition for writ of habeas corpus challenging the length of an alien's detention pending removal was mooted by the alien's actual removal from the United States, because the removal constituted a release from government custody. *Enazeh v. Davis*, 107 F. App'x 489, 491 (6th Cir. 2004); *Haddad v. Ashcroft*, 76 F. App'x 672, 673 (6th Cir. 2003) (removal moots claims relating conditions of detention).

Here, Petitioner's sole claim for relief was to be released from immigration custody. (Doc. 1, PageID #7.) Importantly, Petitioner did not allege that he will suffer any collateral consequences because of his detention or removal. Nor did he allege that his case is capable of repetition, yet evading review. Because Petitioner has been removed from the United States and therefore released from ICE custody, no live case or controversy exists over which a district court may assert

jurisdiction. *See Spencer*, 523 U.S. at 7-8 (a moot case does not present a case or controversy under Article III, § 2 of the Constitution). Petitioner has obtained release from custody, which is the only relief to which he would be entitled were this Court to grant his petition. Accordingly, Petitioner's claim is moot. Because Petitioner's claim is moot, this Court lacks subject matter jurisdiction, and the petition must be dismissed with prejudice.

### III.   CONCLUSION

Because Petitioner is no longer detained and has been removed from the United States, his petition for writ of habeas corpus is moot. Therefore, this Court lacks subject matter jurisdiction. Accordingly, Respondents' Motion to Dismiss (Doc. 10) is GRANTED, and the petition is dismissed with prejudice.

**IT IS SO ORDERED.**

                                        _s/John R. Adams_____
                                        JOHN R. ADAMS
                                        UNITED STATES DISTRICT JUDGE

**DATED**: _7/24/18_____